UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 183 BRONX DELI GROCERY CORP.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Defendant. | **MEMORANDUM<br>OPINION & ORDER**<br><br>11 Civ. 1527 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

In this action, Plaintiff 183 Bronx Deli Grocery Corp. ("Bronx Deli"), pursuant to the Food and Nutrition Act of 2008 ("FNA"), challenges an administrative decision of the United States Department of Agriculture ("USDA") disqualifying Bronx Deli from participating in the Supplemental Nutrition Assistance Program ("SNAP")[1] for one year.  (See Cmplt. ¶ 23)

The parties have cross-moved for summary judgment.  (Dkt. Nos. 8, 11)  Bronx Deli admits that it violated USDA's regulations by accepting SNAP benefits in payment for items sold on credit, but challenges the penalty imposed by USDA as "arbitrary and capricious." The Government argues that the USDA's decision to impose a one-year suspension on Bronx Deli was mandated by the relevant regulations and, in any event, was not arbitrary and capricious.  For the reasons stated below, the Government's motion for summary judgment will be granted, and Bronx Deli's motion for summary judgment will be denied.

---

[1] Congress recently amended the Food Stamp Act by renaming it the FNA.  Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, §4001, 122 Stat. 1651.

# BACKGROUND

## I.  STATUTORY AND REGULATORY BACKGROUND

USDA operates the SNAP program, which provides benefits to eligible Americans to increase their food purchasing power. These benefits are distributed through Electronic Benefits Transfer ("EBT') cards, and are used to purchase eligible food items at participating retail food stores. The Government then pays those food stores the full face value of the purchased items. 7 U.S.C. § 2013.

Pursuant to its authority under the FNA, the USDA has promulgated regulations that govern SNAP. The Food and Nutrition Service of USDA ("FNS") is authorized to disqualify any retail food store that fails to comply with the FNA or USDA's implementing regulations. 7 C.F.R. § 278.6(a). Alternatively, FNS may impose a civil money penalty in lieu of disqualification if it "determines that a disqualification would cause hardship" to households receiving SNAP benefits. (Id.)

USDA regulations prohibit retail food stores from accepting benefits in payment for items sold on credit, even if the debt relates to SNAP-eligible food items. 7 C.F.R. § 278.2(f) provides:

> Food stamp benefits shall not be accepted by an authorized retail food store in payment for items sold to a household on credit. A firm that commits such violations shall be disqualified from participation in the [FNA] for a period of one year.

7 C.F.R. § 278.2(f); see also 7 C.F.R. § 278.6(e)(4)(ii) ("The FNS regional office shall . . . [d]isqualify the firm for 1 year if . . . [t]he firm has accepted food stamp benefits in payment for items sold to a household on credit.").

The USDA may impose a civil monetary penalty as a sanction in lieu of disqualification only if it "determines that a disqualification would cause hardship to

2

participating households." 7 C.F.R. 278.6(a).  Such a hardship exists where "the firm subject to a disqualification is selling a substantial variety of staple food items[] and . . . there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices."  7 C.F.R. § 278.6(f).

## II.     FACTUAL BACKGROUND

Bronx Deli is a grocery store located at 19 West 183rd Street, Bronx, New York. (Def. Rule 56.1 Stmt. ¶ 1)[2]  Bronx Deli has been a participant in the SNAP program since November 2009.  (Administrative Record ("AR") 32)  There are at least 40 other grocery stores and supermarkets that accept food stamps within a half-mile radius of Bronx Deli.  (Def. Rule 56.1 Stmt. ¶ 2; AR 38-39)

In February 2010, the USDA became aware of "clear and repetitive patterns of unusual, irregular, and inexplicable activity" in SNAP benefit transactions at Bronx Deli.  (AR 50)  In response, the USDA closely monitored Bronx Deli's SNAP transactions in February, March, and April of 2010, and conducted a store visit on April 14, 2010.  (AR 27-30, 50)

By letter dated May 26, 2010, the USDA charged Bronx Deli with trafficking, an offense that occurs when a store obtains "benefit instruments for cash or consideration other than eligible food."  (AR 50; see 7 C.F.R. § 271.2)  The USDA informed Bronx Deli of possible sanctions and encouraged the store to respond to the charges.  (AR 51)

---

[2]  Unless otherwise noted, citations to the parties' Local Rule 56 .1 statements concern factual assertions that are admitted or are deemed admitted because they were neither admitted nor denied by the opposing party or have not been contradicted by citations to admissible evidence. See Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party ... fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." (citations omitted)).

In a June 2, 2010 letter, Bronx Deli provided the following explanation for its irregular SNAP transactions:

> None of the transactions described in your report are due to trafficking, they are transactions that may seem irregular due to the large volume of business we do and also due to the fact that we offer a few of our clients in-store credit. Considering that the area that this business is situated in, the majority of our customers are families that receive Food Stamps benefits. These low-income families struggle on a daily basis to provide their children with the necessities of life and often, the food stamp benefits awarded them are not sufficient to cover the whole month, well not if they want to feed them healthy nutritious meals. We supply these few families a service that allows them to purchase food products at our store after their food stamp benefits are depleted. Once their food stamp benefits have been replenished, they often return to pay for the food that they have purchased on credit. This can also result in irregular amounts and the unusually large transactions described in your report.

(AR 81) Bronx Deli also submitted letters from customers who confirmed that they had received credit from Bronx Deli to purchase food items after their SNAP benefits had been depleted, as well as a log book of those transactions. (AR 82-87, 103-112)

In a July 12, 2010 letter, the New York City Field Office of the FNS informed Bronx Deli that it had found that the store had "accepted SNAP benefits for payment on credit accounts" in violation of 7 C.F.R. § 278.2(f). (AR 150-51) The letter also notified Bronx Deli that it was not eligible for a "hardship civil money penalty" because other stores in the area offered the same variety of food staples at comparable prices. (AR 150) The letter went on to notify Bronx Deli that it would be disqualified from participating in the SNAP program for one year, in accordance with 7 C.F.R. § 278.6(a) and (e). (Id. 150)

In a July 21, 2010 letter, Bronx Deli requested administrative review of the disqualification decision. (AR 153-54) In its letter, Bronx Deli admitted that it had offered a few customers in-store credit, but stated that it would end that practice. (Id.) On February 8, 2011, the USDA issued a Final Agency Decision sustaining the one-year disqualification

imposed by the New York City Field Office.  (AR 226-31)  In upholding the one-year disqualification, the Final Agency Decision notes that because "there are over 50 authorized retailers within less than a quarter mile from [Bronx Deli]," the Field Office appropriately determined that a monetary penalty was unavailable.  (AR 230-31)

On March 7, 2011, Bronx Deli commenced this action pursuant to the FNA, 7 U.S.C. § 2023(a)(13), challenging the one-year disqualification.  (Dkt. No. 1)  On August 26, 2011, the United States moved for summary judgment (Dkt. No. 11), and on September 26, 2011, Bronx Deli cross-moved for summary judgment (Dkt. No. 8).

## DISCUSSION

**I.      SUMMARY JUDGMENT LEGAL STANDARD**

Summary judgment is appropriate only when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Whether facts are material is a determination made by looking to substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "A dispute about a genuine issue exists" where "the evidence is such that a reasonable jury could decide in the non-movant's favor."  Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (internal quotation marks omitted).  Courts "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment."  Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001).

"In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim."  Gummo v. Village of Depew,

75 F.3d 98, 107 (2d Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). The non-movant "cannot avoid summary judgment simply by asserting a 'metaphysical doubt as to the material facts,'" Woodman v. WWOR-TV, Inc., 411 F.3d 69, 75 (2d Cir. 2005) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)), and "'may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful.'" Golden Pac. Bancorp v. FDIC, 375 F.3d 196, 200 (2d Cir. 2004) (quoting D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998)).

## II. STANDARD FOR ARBITRARY AND CAPRICIOUS DETERMINATION

"Whether the imposition of a penalty by the [USDA is] arbitrary or capricious is a matter of law appropriately determined on a motion for summary judgment." Yafaie v. United States, 94 Civ. 7825 (KMW), 1995 WL 422169, at *1 (S.D.N.Y. July 18, 1995) (citing Ai Hoa Supermarket, Inc. v. United States, 657 F.Supp. 1207, 1208-09 (S.D.N.Y. 1987)). "An agency's action is arbitrary and capricious if it was 'unwarranted in law or without justification in fact.'" Nagi v. United States Department of Agriculture, No. 96 Civ. 6034(DC), 1997 WL 252034, at *3 (S.D.N.Y. Mar. 14, 1997) (quoting Willy's Grocery v. United States, 656 F.2d 24, 26 (2d Cir.1981)). "Courts in this District have repeatedly held that, '[i]f the agency has followed its guidelines,' 'the reviewing court may not overturn the decision as arbitrary and capricious.'" Lugo v. United States, No. 08 Civ. 2960(RJS), 2009 WL 928136, at *2 (S.D.N.Y. Mar. 30, 2009) (citing Nagi, 1997 WL 252034, at *2); see also Young Jin Choi v. United States, 944 F.Supp. 323, 325 (S.D.N.Y.1996) ("A sanction is not arbitrary and capricious when a federal agency properly adheres to its own regulations and guidelines when imposing it.").

**III.    ANALYSIS**

The USDA's decision to disqualify Bronx Deli for a one-year period from the SNAP program was not arbitrary and capricious.  Bronx Deli does not argue that the USDA failed to follow its regulations or guidelines when it imposed the one-year disqualification.  Instead, Bronx Deli argues that the agency's decision is arbitrary and capricious because the facts of this case are nearly identical to those of another case, Bani #2 Food Corp. v. United States of America, 10 Civ. 00005 (S.D.N.Y.), in which Judge Hellerstein ruled that the plaintiff's one-year disqualification from SNAP for accepting benefits in payment for food sold on credit was arbitrary and capricious.  (Pltf. Mem. of Law at 8, 23-34)  Bronx Deli also argues that it received no prior warning that extending credit to SNAP participants could result in a one-year disqualification, and that it acted out of compassion for its customers.  (Id. at 11)

Bronx Deli's arguments are not persuasive.  As an initial matter, the facts in Bani #2 Food Corp. are somewhat different.  Judge Hellerstein concluded that the applicability of the then-new regulation mandating a one-year suspension was not clear in that case, given that the regulation had become effective after Bani #2 had engaged in the prohibited conduct.  Based in part on "the ambiguity of the regulation," Judge Hellerstein found USDA's one-year disqualification of Bani #2 arbitrary and capricious.  (10 Civ. 00005 (AKH), Transcript of November 3, 2010 Proceedings, at 12)

There is no such ambiguity here.  There is no dispute that the governing regulation requiring that the USDA "disqualify [a store] for 1 year if . . . [the store] has accepted food stamp benefits in payment for items sold to a household on credit" was in effect at the relevant time.  7 C.F.R. § 278.6(e)(4)(ii).  Furthermore, the procedural review afforded to Bronx Deli, and the penalty imposed, were clearly in accordance with the governing regulations.  While

Bronx Deli complains that it received no prior warning that a one-year disqualification might be imposed if it accepted benefits in payment for food provided on credit, as a participant in the SNAP program, Bronx Deli is charged with knowledge of what conduct the governing regulations forbid. Accordingly, there is no basis for this Court to find that the agency's decision was "unwarranted in law or without justification in fact." Nagi, 1997 WL 252034, at *3 (quotation omitted).

Finally, "[t]he mere fact that [the USDA] had discretion to choose whether to disqualify stores or subject them to a civil money penalty does not render the penalty imposed here arbitrary and capricious." Lugo, 2009 WL 928136, at *4 (citation omitted). Bronx Deli does not offer any argument or facts to show that the agency was required to offer it a monetary penalty. There is no evidence that the Government is incorrect in asserting that there are "at least 40 other grocery stores and supermarkets that accept food stamps within a half mile radius" of Bronx Deli. (Def. Rule 56.1 Stmt. ¶ 2; Pltf. Rule 56.1 Stmt. ¶ 2)

In sum, the penalty imposed on Bronx Deli was mandated by the governing regulations and was not arbitrary and capricious.

### CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is DENIED and Defendant's motion for summary judgment is GRANTED. The Clerk of the Court is directed to terminate the motions (Dkt. Nos. 8, 11), enter judgment for Defendant, and close this case.

Dated: New York, New York
      June 14, 2012

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge